IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Maurice Glen Howard, )
    Plaintiff, )
)
v. ) 1:11cv284 (TSE/TRJ)
)
Medical Officer Doe, et al., )
    Defendants. )

## MEMORANDUM OPINION

Maurice Glen Howard, a former detainee of the Fairfax County Adult Detention Center ("FCADC") currently residing in Buffalo, New York and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violation of his rights under the Eighth and Fourteenth Amendments. The matter is presently before the Court on a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss and supporting Memorandum filed by Sheriff Stan Barry on June 28, 2011. Dkt. 6 - 7. Plaintiff was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Dkt. 8, and he has filed no reply. For the reasons that follow, defendant Barry's Motion to Dismiss must be granted, and this action as a whole must be be dismissed.

I.

Plaintiff sets out two causes of action in his complaint. In Count One, plaintiff alleges that he suffered deliberate indifference to his medical needs during his confinement at the FCADC in March, 2009. Plaintiff states that he underwent surgery in February, 2009 for a malignant tumor that fractured his spine and partially paralyzed him. Compl., ¶ 3. As a result of his condition, plaintiff underwent chemotherapy and radiation therapy, and was prescribed cancer

medications and painkillers. Id. Plaintiff alleges that he was arrested on March 20, 2009 and detained at the FCADC until March 23, 2009, and that during that period he was deprived of his needed medications. As a result, plaintiff "occasionally passed out in his confinement cell, became terribly incontinent, felt somewhat delirious, and suffered extreme pain and weakness." Compl., ¶ 25. The only defendant named in connection with this claim is Medical Officer Doe.

In his second claim, plaintiff alleges that his Fourteenth Amendment right to due process was violated when he was not provided with a medical screening upon his admission to the FCADC or with subsequent medical care, as required by the Virginia Code. The defendants named in connection with this claim are Sheriff Stan Berry and Fairfax County, Virginia.

By Order dated April 27, 2011, it was explained that defendant Fairfax County was subject to dismissal with prejudice, under 28 U.S.C. § 1915A, for failure to state a claim.[1] Service of the complaint was ordered on Sheriff Stan Barry, and plaintiff in deference to his pro se status was advised that service could not be ordered on Medical Officer Doe until plaintiff ascertained and advised the Court of the identity of that person. Plaintiff was further advised that if the Court could not effect service on a defendant within 120 days, the defendant would be dismissed from the instant action without prejudice. See Fed. R. Civ. P. 4(m). Therefore, plaintiff was expressly told that he should, through discovery or otherwise, take steps to ascertain the identity of Medical Officer Doe without delay. Nonetheless, plaintiff has filed nothing further in the lawsuit since the Order of April 27 was entered.

---

[1] It is noted that, although the Order of April 27 contained a discussion of the reasons why Fairfax County was subject to dismissal, language ordering and adjudging that dismissal was inadvertently omitted. Accordingly, Fairfax County will be formally dismissed as a party in the Order accompanying this Memorandum Opinion.

Sheriff Barry has now moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the complaint fails to state a cause of action against him for which relief can be granted. For the reasons which follow, the Motion will be granted, and the Sheriff will be dismissed as a party to this action. Because more than 120 days have elapsed since April 27, when the complaint was filed, Medical Officer Doe must be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). As no defendants will remain in the lawsuit, the action will be dismissed.

## II.

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When determining whether a motion to dismiss should be granted, the alleged facts are presumed true and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

## III.

Sheriff Barry is plainly entitled to the dismissal he seeks.[2] The Sheriff is named as a defendant only in connection with plaintiff's second claim, where plaintiff alleges that his Fourteenth Amendment right to due process was violated when he was not provided with a medical screening upon his admission to the FCADC or with subsequent medical care. However, "[t]he Fourth Circuit Court of Appeals has held that a medical treatment claim cannot be brought against non-medical personnel unless they were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians. misconduct." Lewis v. Angelone, 926 F.Supp. 69, 73 (W.D. Va. 1996), citing Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). As Sheriff Barry is not a medical professional, and because plaintiff does not allege that the Sheriff personally interfered with a doctor's treatment or was indifferent to medical misconduct, plaintiff fails to state a claim against the Sheriff for which relief can be granted.

Nor does plaintiff include sufficient allegations to establish a claim of supervisory liability against Sheriff Barry. Supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability is not premised on respondeat superior, but upon "a recognition that supervisory indifference or tacit authorization of subordinates misconduct may be a causative factor in the constitutional injuries

---

[2] Indeed, as can be gleaned from the foregoing discussion, Sheriff Barry was served with the complaint in this action in deference to plaintiff's pro se status, to allow plaintiff an opportunity to discover the identity of Medical Officer Doe, the sole defendant named in connection with plaintiff's serious allegations of being deprived of needed cancer medications.

they inflict on those committed to their care." Id. at 798 (quoting Slakan, 737 F.2d at 372-73). "[L]iability ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. at 798 (quoting Slakan, 737 F.2d at 376). In order to establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799 (citations omitted). In this case, plaintiff pleads no facts demonstrating that Sheriff Barry had actual or constructive knowledge that subordinates were engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to plaintiff. Therefore, Sheriff Barry can have no supervisory liability for the harm plaintiff alleges.

### IV.

For the foregoing reasons, Sheriff Barry's Motion to Dismiss must be granted, and the action must be dismissed. An appropriate Order shall issue.

Entered this 5th day of January 2012.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge